614

Ernesto Fernando Schlüter, Plaintiff and Appellee, *v.* Heirs of Benigno Díaz, Defendants; Artemio Camacho, Respondent and Appellant.

No. 5941.   Argued January 26, 1933.—Decided May 1, 1934.

*R. Ortiz Pacheco* for appellant. *H. R. Francis* and *C. Ortiz Stella* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

After rendering judgment in this case the district court made an order directing the cancellation in the registry of property of a certain mortgage, and from said order the present appeal was taken.

Ernesto Fernando Schlüter, doing business under the firm name of Schlüter & Co., Succrs., brought an action to recover the value of some promissory notes and lease rentals from the widow and children of Benigno Díaz, who had died intestate. Attachment was levied on an urban lot situated in Caguas, recorded in the registry of property in the name of Benigno Díaz. Notice of the attachment was entered in the registry. Thereafter a sale of the same lot previously made by Benigno Díaz was recorded in the registry in favor of José Ramírez, who subsequently mortgaged the lot to secure payment of four promissory notes of $400 each. This mortgage was also recorded. An intervention proceeding claiming a preferential right (*tercería de mejor derecho*) in said lot was then brought by José Ramírez against Schlüter and the heirs of Benigno Díaz, and terminated by a judgment which declared null and void the sale made by Benigno Díaz to José Ramírez, ordered the cancellation of the record made in the registry of property in favor of José Ramírez, and adjudged as entirely valid and in full force the attachment recorded by Schlüter in the registry. The cancellation of the record made in favor of José Ramírez was effected in the registry. Upon the sale of the lot in execution of a judgment in favor of

Schlüter the property was awarded to him in partial satisfaction of his credit, and his deed of purchase was recorded in the registry. Schlüter then requested from the court that the cancellation of the mortgage constituted by Ramírez to secure the notes be ordered, because the same was executed and recorded subsequent to the entry of the attachment, and because the proceeds of the sale left no balance to be applied to the payment of subsequent encumbrances. The court made an order directing that the indorsees of said notes be summoned by publication and that they be warned therein that if they failed to appear before the court within the time fixed and to object to plaintiff's request, the court would decree the cancellation of the mortgage securing the notes. By reason of the edicts published, Artemio Camacho appeared as indorsee of two of the notes and objected to the cancellation sought. After the parties and the evidence by them presented were heard, an order was entered decreeing the cancellation of the mortgage in the registry, and from said order Camacho took the present appeal. The appellee Schlüter has presented no brief.

The appellant alleged in the court below, and now repeats in his first assignment of error, that the lower court had no jurisdiction to summon by publication the holders of the notes, because said order was entered while the court was in vacation.

It is true that said order was rendered in vacation, but that could be done, because according to subdivision (c) of section 22 of the Code of Civil Procedure, as amended in 1905 (Comp. Stat. 1911, p. 816) district judges at chambers, if so requested, may grant "All orders, interlocutory decrees, and any resolution affecting the procedure or tending to insure the enforcement of the decision demanded before or after answering the complaint and also during the time of the execution of the decision." We have no doubt that the order complained of affected the procedure, as its object was to summon the indorsees of the promissory notes in

order to hear them before rendering a decision upon the motion for cancellation presented by Schlüter. It was also entered during the time of the execution of the judgment, and hence the court had jurisdiction to entertain the matter. The pronouncement contained in said order, to the effect that if the indorsees of the notes failed to appear the court would grant the relief sought by plaintiff, was a mere warning of what might happen to them if they defaulted, which did not amount to the exercise of discretion by the judge who entered the order to decide the matter, and in fact was not a final ruling upon plaintiff's claim.

The second assignment is that the lower court erred in holding that the attachment sued out by Schlüter was valid. It is argued that it was null and void because at the time the notice of attachment was entered in the registry, the property of which Benigno Díaz appeared as owner had already ceased to belong to him, for the appellant had previously sold it by a public deed, which was not recorded, and because the property was not recorded in the name of the defendants but in that of Benigno Díaz.

The first part of that argument is based on the ground that a notice of attachment should be entered in the registry with regard to the property of the debtor according to subdivision 4 of section 42, in connection with section 44, of the Mortgage Law, and that, although when the notice of attachment herein was entered the property appeared recorded in the registry as belonging to the debtor Benigno Díaz, nevertheless, it did not actually belong to him at that time, as he had previously sold it to José Ramírez by a public deed which had not been recorded in the registry but which was so recorded subsequent to the entry of the notice of attachment, for which reason the annotation of such attachment in favor of Schlüter is void. In support of this contention the appellant cites the decision of this court in *Vélez* v. *Camacho,* 8 P.R.R. 35, and the opinion of the commentator Morell, vol. 3, pp. 92–94.

The question is really interesting in this case because of the attendant circumstances, for we have already said that the purchaser Ramírez mortgaged the property to secure four promissory notes, two of which had been indorsed to the appellant Camacho, and that subsequently thereto the title of the purchaser Ramírez was annulled by a judgment rendered in the intervention proceeding (*tercería*) brought by him against Schlüter and the heirs of Benigno Díaz. It does not appear that the appellant Camacho was a party to said proceeding, and he alleges that in the execution of the judgment obtained by Schlüter against the persons composing the succession of Benigno Díaz, the record of the attachment in favor of Schlüter is void. In other words, that said attachment, is void because at the time notice thereof was entered in the registry the property belonged to Ramírez. However, as the purchase made by Ramírez has been annulled and its record cancelled in the registry, and as the mortgage credit of the appellant is derived from the title which Ramírez had, the question arises whether the appellant Camacho can succeed, on the basis of the void title of Ramírez, in causing that title to have the effect of annulling the entry of the attachment in favor of Schlüter and the award made at the auction sale, with the result that his mortgage credit would prevail despite the fact that it was constituted by a person who had no legal title as owner of the property encumbered with the mortgage securing the notes of which the appellant Camacho is the holder. There is no doubt that the annulment of the title of Ramírez cannot prejudice Camacho, as he was not a party to that proceeding, but it has created a legal situation which cannot be ignored until another judgment, rendered perhaps at the instance of Camacho by reason of the interest he has in the property, should hold that the title of Ramírez is valid and that its record in the registry should stand, thus producing the effect of establishing the nullity of the attachment sued out by Schlüter and of the award of the prop-

erty made in his favor. It is unnecessary at this time to decide this question collaterally at Camacho's request, as long as the decree annulling the title of Ramírez and ordering its cancellation in the registry stands. Consequently, we cannot hold now that the notice of attachment entered by Schlüter and the award of the property in his favor are void; this without prejudice to any rights that the appellant Camacho may exercise, or may have exercised, as notice of his complaint against Ramírez and Schlüter, wherein he prays that the judgment which annulled the title of Ramírez be set aside, has been taken in the registry.

Regarding the contention that the attachment is a nullity as the property was not recorded in favor of the defendants when notice of the attachment was entered, it will suffice to say that the fourth paragraph of article 126 of the Mortgage Law Regulations authorizes the annotation even though the property be recorded in the name of the decedent and not of the defendant heirs; and said notice is not void under section 76 of the Mortgage Law, as it is possible to ascertain therefrom the estate entered, the persons interested in the notice, and the date thereof.

In the third assignment it is urged that the court erred in holding that plaintiff's title to the lot is valid, as the entry made in favor of Schlüter is void, because the property was not previously recorded in favor of the heirs of Benigno Díaz, and because they failed to pay the inheritance tax.

The provision of section 20 of the Mortgage Law which requires that the interest of the person conveying real property must first appear of record in order to permit the recording of such conveyance, is not so absolute as not to have exceptions, as stated by Galindo and Escosura in their Commentaries on the Mortgage Law, 4th edition, vol. 2, p. 210. One of those exceptions is acknowledged by our decisions in *Passalacqua* v. *Registrador, 2 Decisiones de Puerto Rico,* p. 59, and *Figueroa* v. *Registrar of Property,*

18 P.R.R. 255, that is to say, when the inheritance is vacant, based on the rulings of the Directorate of Registries of Spain of July 24, 1884, and April 25, 1890. In the last of the above-cited cases we said that an inheritance remaining unclaimed is considered vacant (*yacente*), and that while it remains vacant through its non-acceptance by those entitled to it under the law, then the decedent should be presumed to be alive. There is no fact in the present case from which the acceptance of the inheritance by the defendants might be inferred, as there was in the *Figueroa* case, *supra,* wherein the brothers of the deceased at the request of one of them were declared to be the heirs. The defendant therein intervened at the trial as heir and acknowledged the credit although objecting to its enforcement. No fact appears from the record herein showing the acceptance of the inheritance or from which such fact might be inferred. The only thing that appears is that, as the debtor Benigno Díaz died intestate, the suit was brought against his widow and children born of that marriage, and that they did not appear therein. The record of Schlüter's title is not void either.

The claim that the entry is void because the heirs of Benigno Díaz have not paid the inheritance tax or because it has not been shown that they are exempt from such payment, is without merit, because they have not recorded the property in their favor nor does it appear that they have accepted said inheritance.

In his last assignment the appellant says that his mortgage credit cannot be canceled, as he is a third person under the mortgage law (*tercero hipotecario*), notwithstanding the title of José Ramírez was annulled and its record in the registry canceled, since he acquired his mortgage credit from a person who was the owner of the property according to the registry.

That question is of no importance herein, as the appellant is not a third person under the mortgage law, for he acquired

his credit with notice from the registry that the mortgaged property was encumbered by a prior attachment in favor of Schlüter and that, according to section 71 of the Mortgage Law, real property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered. In accordance with that provision, we have said in *Bank of Porto Rico* v. *Solá & Son et al.,* 26 P.R.R. 57, that a creditor who records his attachment obtains what is known to the English and American law as a lien on the property of the debtor, and that this right clearly excludes all persons whose claims against the property take their origin as of a date later than the recording of the attachment. Hence, as the mortgage herein was constituted by Ramírez after notice of the attachment had been entered in favor of Schlüter, the appellant knew at the time he acquired the notes secured by that mortgage that he was entering into that deal without prejudice to the right of the person in whose favor the notice of the attachment was entered, and consequently his credit cannot prevail after the sale of the property in the proceeding wherein record of the attachment was ordered.

The order appealed from must be affirmed.

Mr. Justice Hutchison dissented.